# Attachment B

STATE OF MINNESOTA

COUNTY OF RAMSEY

## DECLARATION OF RYAN R. WOOD

I, Ryan R. Wood, do state and affirm the following under penalty of perjury:

1. My name is Ryan R. Wood. I served as an Immigration Judge at the Fort Snelling Immigration Court in Minnesota from April 2017 to March 2019, and as Assistant Chief Immigration Judge from March 2019 until my retirement in July 2025.

2. During my tenure as both Immigration Judge and Assistant Chief Immigration Judge, I presided over thousands of immigration proceedings and supervised the completion of more than 70,000 removal cases across several immigration courts. I was intimately familiar with the court's dockets at Fort Snelling through both positions.

3. Based on that knowledge and experience, I can state that exclusion hearings were extraordinarily rare at Fort Snelling during my tenure. Exclusion proceedings are the historical legal mechanism used before 1997 to determine the admissibility of noncitizens who arrived at U.S. ports of entry and had never formally "entered" the United States. The exclusion process was replaced by the current removal process in 1997 under the Illegal Immigration Reform and Immigrant Responsibility Act. As Assistant Chief Immigration Judge, I often took unusual or novel cases, such as rescission proceedings under INA § 246, and it was common practice to docket such matters to my docket when they arose. While I presided over a small number of deportation proceedings involving pre-1997 cases, I do not currently recall whether I ever presided over an exclusion proceeding. If I have, it would have been at most one or two exclusion proceedings during my entire time serving at Fort Snelling.

4. Throughout my service at Fort Snelling, court observers from The Advocates for Human Rights regularly attended immigration court proceedings. In my experience, these observers were consistently respectful of the courtroom and the judicial process. When the court closed proceedings to the public — which occurred only in the limited circumstances prescribed by regulation, such as when a respondent requested closure or when the proceedings involved sensitive information requiring protection — the observers from The Advocates for Human Rights were always respectful and complied with the court's direction to leave the courtroom.

5. The circumstances requiring closed immigration court proceedings are very limited in number. The regulations governing immigration court proceedings establish a strong presumption in favor of open hearings. 8 C.F.R. § 1003.27 provides that hearings are open to the public unless the immigration judge determines on the record that closure is necessary to protect specific interests, such as witnesses, parties, or the public interest. The most common reason for closure is for Credible Fear Reviews (CFRs); such hearings are closed to the public unless the applicant consents on the record or in writing. 8 C.F.R. § 1208.30(g)(2)(iii). During my time on the bench, the vast majority of proceedings were open to the public, including court observers.

6.  As Assistant Chief Immigration Judge, I oversaw judicial operations and dockets for Fort Snelling and three other immigration courts in the Midwest region. In that capacity, I was responsible for ensuring that Immigration Judges under my supervision conducted proceedings consistent with applicable regulations and EOIR policy, including the regulations governing public access to hearings. During my time as an Immigration Judge and as the Assistant Chief Immigration Judge, I was not aware of any systemic practice at Fort Snelling or the other courts under my supervision of closing proceedings to court observers without a proper legal basis and an on-the-record determination by the Immigration Judge.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 20, 2026.

_____

Date: <u>April 20, 2026</u>

Signature