**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| THE ADVOCATES FOR HUMAN RIGHTS, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:26-00865-RC |
| TODD BLANCHE, in his official capacity as Acting Attorney General, *et al.*, | ) ) ) | |
| Defendants. | ) ) ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL
EVIDENCE**

On Monday evening, after briefing had concluded on Plaintiff's motion for preliminary injunction and after the hearing on that motion, Plaintiff filed two additional declarations in support of that motion.  Notice of Supplemental Evidence, ECF No. 14.  "This was improper." *See Capitol Hill Baptist Church v. Bowser*, 496 F. Supp. 3d 284, 300 (D.D.C. 2020).  Plaintiff's declarations make new statements about the issues raised by the preliminary injunction briefing and include a declaration from a witness not previously identified by Plaintiff in their prior filings. Consideration of this late evidence plainly prejudices Defendants, who crafted their written submission and oral arguments based on the Plaintiffs' prior filings, and the Court, whom Plaintiff has asked to rule expeditiously on Plaintiff's motion.  The Court should strike or otherwise disregard the late filed declarations.  *See id.* (holding that "the Court will not condone [the defendant] sandbagging [the plaintiff] at the eleventh hour" and will "therefore strike the filing" of a late supplemental declaration).

In addition to not being properly before the Court, the declarations also provide no additional support for Plaintiff's motion.  Immigration hearings may be closed in numerous

circumstances beyond the context of exclusion hearings. *See* 8 C.F.R. § 1003.27. Exclusion hearings' prevalence or lack thereof says nothing about whether other types of immigration court hearings may be properly closed in particular contexts.

Nor does the declaration of former Immigration Judge Ryan Wood advance Plaintiff's motion. Wood states that he was "not aware of any systematic practice at Fort Snelling" of closing hearings "without a proper legal basis" during his time with the court, even though his declaration encompasses a part of the time-period in which Plaintiff contends the Immigration Court was functioning in violation of law. Wood Decl. ¶ 6, ECF No. 14-2. And as to most of the events alleged in Plaintiff's complaint and motion, Wood's declaration provides no relevant information at all, given that he retired before those alleged events, in July 2025. *See id.* ¶ 1. Finally, Wood's contention that Immigration Court hearing closures must be supported by a "determin[ation] on the record that such closure is necessary" is simply wrong as a matter of law. *Compare id.* ¶ 5 *with* 8 C.F.R. § 1003.27. Nor does Wood's declaration address the kind of relief that Plaintiff seeks here, which would require Immigration Judges to state the reasons for each hearing closure *in the presence of public observers* with an opportunity to object. Proposed Order at 8, ECF No. 6-2. As explained before, that cumbersome procedure has no legal basis and it could impair the privacy interests of respondents in immigration proceedings. Defs.' Opp'n at 3, 24, ECF No. 10.

Dated: April 23, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Director

*/s/ James R. Powers*
JAMES R. POWERS (TX Bar No. 24092989)
Trial Attorney
U.S. Department of Justice,

Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Telephone: (202) 353-0543
Fax: (202) 616-8460
Email: james.r.powers@usdoj.gov

*Counsel for Defendants*