# Exhibit A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| THE ADVOCATES FOR HUMAN RIGHTS, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:26-00865-RC |
| PAMELA BONDI, in her official capacity as Attorney General, *et al.*, | ) ) ) | |
| Defendants. | ) ) ) ) | |

**DECLARATION OF ACTING ASSISTANT CHIEF
IMMIGRATION JUDGE SHERRON ASHWORTH**

I, Sherron Ashworth, submit this declaration pursuant to 28 U.S.C. § 1746, and declare under penalty of perjury as follows:

1.      I am an employee of the Executive Office for Immigration Review ("EOIR") within the U.S. Department of Justice.  I have served as the acting Assistant Chief Immigration Judge ("ACIJ") of the Baton Rouge Immigration Court since January 2026.  I also serve as the acting ACIJ for the Immigration Courts in LaSalle, New Orleans, and Oakdale, Louisiana.

2.      As ACIJ, I am responsible for ensuring that EOIR policies, procedures, and guidance are followed by the Immigration Judges and staff at the Baton Rouge Immigration Court.

3.      I make this declaration in support of Defendants' motion to dismiss and opposition to Plaintiff's motion for preliminary injunction and stay.  The statements herein are based on my personal knowledge and information made available to me in the course of my official duties.

4.      As a general matter, immigration court hearings are open to the public, consistent with EOIR regulations and EOIR policy.  EOIR's regulations governing public access to immigration hearings, including 8 C.F.R. §§ 1003.27, 1240.10(b), and 1240.11(c)(3)(i), apply to

1

the Baton Rouge Immigration Court.  The relevant rules are summarized in the EOIR Policy Manual and EOIR's Observing Immigration Court Hearings Fact Sheet. Exceptions to public access exist. As described in the applicable regulations, hearings may be closed for various reasons, including safety, space limitations, or when required or permitted by law. In some circumstances, whether a hearing is open or closed to the public depends on the wishes of the respondent. Subject to the same regulations, the general public can also observe hearings conducted fully remotely by joining the remote hearing. Each judge's internet-based hearing link is posted on EOIR's public website.

5.    I have reviewed the portions of the Amended Complaint regarding the Baton Rouge Immigration Court, as well as Exhibits 33, 34, and 39 thereto.  I am aware of Plaintiffs' assertions that certain security guards have stated to Plaintiffs that there is a categorical bar on public access to individual calendar or merits hearings at the Baton Rouge Immigration Court.  To the extent these statements were made, they do not accurately describe the hearing access rules at the Baton Rouge Immigration Court.  As stated above, hearings at the Baton Rouge Immigration Court are presumptively open to the public and such public access is governed by EOIR regulations. Security guards at the Baton Rouge Immigration Court are contractors under the Department of Homeland Security, not EOIR.

6.    On June 25, 2026, I sent an email message to all Immigration Judges and staff of the Baton Rouge Immigration Court, as well as the other immigration courts under my area of responsibility in New Orleans, Oakdale, and LaSalle, reiterating the importance of public access to hearings and reminding them of the relevant rules and regulations regarding such access.  My email attached a recent message from the Director of EOIR regarding these matters and EOIR's Observing Immigration Court Hearings Fact Sheet.  A complete and accurate copy of my email

and its attachments accompanies this declaration as Exhibit 1.

7.    The courtrooms at the Baton Rouge Immigration Court are not sufficiently large to always accommodate all members of the public that wish to attend court, particularly where master calendar hearings are scheduled with multiple respondents.  In such instances, public access to the court may be limited in accord with 8 C.F.R. § 1003.27(a), with first priority for access given to respondents and their counsel.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.  Executed on June 25, 2026.

SHERRON
ASHWORTH

Digitally signed by
SHERRON ASHWORTH
Date: 2026.06.25 18:04:29
-05'00'

Sherron Ashworth
Acting Assistant Chief Immigration Judge
EOIR, U.S. Department of Justice

3

# Ashworth Declaration Exhibit 1

**From:**         Ashworth, Sherron (EOIR)
**To:**           All of Baton Rouge (EOIR); All of LaSalle (EOIR); All of Oakdale (EOIR); All of New Orleans (EOIR)
**Cc:**           ▓▓▓▓▓▓▓▓ (EOIR); ▓▓▓▓▓▓▓ (EOIR)
**Subject:**      Access to Hearings
**Date:**         Thursday, June 25, 2026 6:59:03 PM
**Attachments:**  ACCESS TO HEARINGS_COURT OBSERVATIONS AND MEDIA REQUESTS.pdf
                  Att_Observing Immigration Court Hearings Fact Sheet_June 2026.pdf

---

Dear Colleagues,

   I write to remind you that, with limited exceptions, <u>all</u> hearings conducted at the immigration courts are presumptively open to the public. Public access is governed by EOIR regulations, as described in a recent email sent by the Director of EOIR and EOIR's <u>Observing Immigration Court Hearings Fact Sheet</u>.  Failure of any EOIR employees to follow the regulations may result in disciplinary action.  I have attached that email and Fact Sheet for your convenience.


Thank you,

Sherron Ashworth
Acting Assistant Chief Immigration Judge
Oakdale Immigration Court
1900 East Whatley Road
Oakdale, LA  71463
▓▓▓▓▓▓▓▓ (office)
▓▓▓▓▓▓▓▓ (cell)



**U.S. Department of Justice**
Executive Office for Immigration Review
*5107 Leesburg Pike*
*Falls Church, Virginia 22041*

# FACT SHEET

Office of Policy
www.justice.gov/eoir

June 2026

## Observing Immigration Court Hearings

The Executive Office for Immigration Review (EOIR) administers the nation's immigration court system. Immigration court hearings are civil administrative proceedings that involve alien respondents whom the Department of Homeland Security (DHS) has charged with violating U.S. immigration law. In these hearings, Immigration Judges determine whether respondents are removable from the United States and, if so, whether they should be ordered removed or granted a form of relief from removal or protection that would allow them to remain in the country. Such relief or protection may include adjustment of status, asylum, withholding of removal, cancellation of removal, or protection under the United Nations Convention Against Torture, among other forms of relief or protection.

Immigration courts are open Monday through Friday, except federal holidays. Immigration court hearings are generally open to the public with limited exceptions, as specified by law.

**Immigration court hearings are closed when:**

- Hearings are to be closed when the case involves an **abused child or abused spouse** or **includes information subject to a protective order, filed under seal, or is classified**. EOIR Policy Manual, Part II, Ch. 3.8(a)(1); 8 C.F.R. §§ 1003.27, 1003.31(d), 1003.46. In the case of an abused spouse, the hearing may be opened to the public with the abused spouse's consent. EOIR Policy Manual, Part II, Ch. 3.8(a)(1); 8 C.F.R. § 1003.27(c).

- **Evidentiary hearings on applications for asylum or withholding of removal** are open unless the respondent expressly requests that the hearing be closed. EOIR Policy Manual, Part II, Ch. 3.8(a)(1); 8 C.F.R. § 1240.11(c)(3)(i). The Immigration Judge shall inquire whether the respondent requests such closure. *Id.*

- Immigration Judges have discretion to limit attendance or close a hearing to **protect witnesses, parties, or the public interest, even if the hearing would normally be open to the public**. EOIR Policy Manual, Part II, Ch. 3.8(a)(2); 8 C.F.R. § 1003.27(b).

**Observing Immigration Court Hearings**
**Page 2**

- Depending upon **physical facilities**, the Immigration Judge may place reasonable limitations upon the number in attendance at any one time with priority given to the press over the general public. 8 C.F.R. § 1003.27(a).

**When planning to observe a hearing, please note:**

- Members of the general public do not need to notify the immigration court in advance of visiting. The immigration court publicly posts the docket information each morning. It is prohibited to take photos of the publicly posted docket.

- Access to observe immigration court hearings necessarily entails access to EOIR space, which includes courtrooms, interior entrances, exits, corridors, conference rooms, and the waiting areas that are in direct view or control of security, the immigration court, or are otherwise part of EOIR's daily operations. *See* Policy Memorandum 19-10 ("PM 19-10"), *EOIR Security Directive: Policy for Public Use of Electronic Devices in EOIR Space* (Mar. 20, 2019). EOIR spaces are marked by clear signage and are governed by agency policy, EOIR's Policy Manual, and applicable federal laws and EOIR regulations. *See* 8 C.F.R. §§ 1003.27, 1003.28, 1003.31(d), 1003.46, 1208.6 (2020), 1240.10(b), and 1240.11(c)(3)(i).

- Immigration courts are located in a variety of spaces, including federally owned and managed office buildings, DHS detention facilities, and federal, state, and local correctional facilities. Access to these locations is further subject to relevant rules and regulations particular to these locations, to include regulations promulgated by the U.S. General Services Administration and DHS. *See, e.g.*, 40 U.S.C § 1315(c). Visitors to such locations are encouraged to check with the facility managers in advance as to any facility-specific visitation requirements.

- Visitors are not required to check in with court personnel before entering a courtroom to observe, although the presiding Immigration Judge may ask all visitors to identify themselves at the start of the hearing or at any point during the hearing.

- Whenever the Immigration Judge, respondent, or counsel appears for the hearing in a physical courtroom, visitors must observe in person at the courtroom in which the hearing is scheduled and held. Webex visitors will not be admitted in such cases. The Webex links posted on EOIR's website are for parties appearing remotely, except when there is no physical courtroom available. In instances where no physical courtroom is available, visitors are directed to follow the guidance below in the **Guidance for observing internet-based immigration hearings** section.

---

*Executive Office for Immigration Review, Office of Policy*

**Observing Immigration Court Hearings**
**Page 3**

- Visitors must respect the dignity of proceedings. Visitors must wear proper attire, and no food or drink may be brought into the courtrooms, except as specifically permitted by an Immigration Judge. Visitors should enter the courtroom prior to the start of proceedings and should wait until a hearing is in recess or has concluded to leave the courtroom.

- Immigration court administrative office space, to include an Immigration Judge's chambers, is private and access is restricted to immigration court personnel or individuals who have received proper authorization to enter.

- When courtroom space is limited, news media representatives have priority over the general public. 8 C.F.R. § 1003.27(a).

- While possession of personal electronic devices (including, but not limited to, cellphones, smartphones, and smartwatches) is generally permitted in EOIR space, use of recording functions on such devices is strictly prohibited. Devices may only be used in a non-disruptive manner, and devices must be turned off during immigration court hearings.

- All immigration court visitors shall adhere to all applicable federal laws and EOIR policies when visiting EOIR spaces, including EOIR Policy Manual, Part II, Chapters 3.8 and 3.11.

**Guidance for observing internet-based immigration hearings where no physical courtroom is available:**

Similar to in-person immigration hearings, internet-based immigration hearings are open to the public, and visitors do not need permission to observe an open hearing. Internet-based immigration hearings are closed for the same exceptions that govern the closure of in person immigration hearings.

- Visitors may access the Webex links to any internet-based hearings before Immigration Judges through the EOIR website.

- Similar to in-person immigration hearings, any photography or recording to capture any part of the hearing is strictly prohibited and subject to possible penalties. *See* 8 C.F.R § 1003.28.

- Because of bandwidth limitations and the administrative necessity of admitting and sequestering witnesses, the maximum number of virtual visitors is limited to 20.

---

*Executive Office for Immigration Review, Office of Policy*

**Observing Immigration Court Hearings**
**Page 4**

- Visitors must enter the virtual hearing room under their full legal name, and their full legal name must be visible in the Webex name label at all times. Each individual visitor must log on separately and appropriately identify themselves. Using nicknames, device names (e.g., "iPhone"), or pseudonyms may result in being removed from the session or not being admitted from the waiting room.

- Visitors must respect the dignity of proceedings. Visitors attending an internet-based hearing shall keep their cameras off and microphones muted throughout the duration of the hearing, except to respond to any comments or questions from the Immigration Judge or other EOIR personnel. Visitors to all hearings should enter the hearing prior to the start of proceedings and should wait until a hearing is in recess or has concluded to depart the hearing.

- Visitors must not speak, use the "raise hand" feature, or use the chat box unless explicitly invited by the judge.

- Visitors are not required to check in with court personnel before entering an internet-based hearing to observe, although the presiding Immigration Judge may ask all visitors to identify themselves at the start of the hearing or at any point during the hearing.

- All internet-based immigration court visitors shall adhere to all applicable federal laws and EOIR policies when observing internet-based hearings. The Immigration Judge may remove a visitor from an internet-based immigration hearing if that visitor does not follow all applicable federal laws and EOIR policies.

- If the hearing is closed for the reasons outlined above, visitors will not be admitted into the proceeding and instead will be held in the virtual waiting room.

**Additional guidance for news media visits:**

- Members of the media are encouraged to contact the Office of Policy at PAO.EOIR@usdoj.gov to coordinate visits.

- All substantive media inquiries and requests for comment shall be directed to EOIR's Office of Policy at PAO.EOIR@usdoj.gov.

---

**Observing Immigration Court Hearings**
**Page 5**

- When observing an immigration court hearing, members of the media are encouraged to identify themselves to the immigration court front desk staff upon arrival. This facilitates prioritization of the press in accessing immigration court hearings with limited physical space.

**Helpful Resources:**

- Immigration Court Information

- Immigration Court Online Resource (ICOR)


— EOIR —


*Executive Office for Immigration Review, Office of Policy*

| | |
|---|---|
| **From:** | EOIR Director (EOIR) |
| **To:** | All of EOIR |
| **Subject:** | ACCESS TO HEARINGS/COURT OBSERVATIONS AND MEDIA REQUESTS |
| **Date:** | Friday, March 27, 2026 3:43:42 PM |
| **Attachments:** | image001.png |

Colleagues,

**EOIR's immigration courts are open daily to the public.  Visitors do <u>NOT</u> need permission to visit or to observe an open hearing.**

**Limited exceptions apply** as noted in the EOIR Policy Manual, Part II, Ch. 3.8; 8 C.F.R. § 1003.27, 1240.10(b):

- Hearings are to be closed when the case involves an **abused child or abused spouse** or **includes information subject to a protective order, filed under seal, or is classified**.  EOIR Policy Manual, Part II, Ch. 3.8(a)(1); 8 C.F.R. §§ 1003.27, 1003.31(d), 1003.46.  In the case of an abused spouse, the hearing may be opened to the public with the abused spouse's consent.  EOIR Policy Manual, Part II, Ch. 3.8(a)(1); 8 C.F.R. § 1003.27(c).

- **Evidentiary hearings on applications for asylum or withholding of removal** are open unless the respondent expressly requests that the hearing be closed.  EOIR Policy Manual, Part II, Ch. 3.8(a)(1); 8 C.F.R. § 1240.11(c)(3)(i).  The Immigration Judge shall inquire whether the respondent requests such closure. *Id*.

- Immigration Judges have discretion to limit attendance or close a hearing to **protect witnesses, parties, or the public interest, even if the hearing would normally be open to the public**.  EOIR Policy Manual, Part II, Ch. 3.8(a)(2); 8 C.F.R. § 1003.27(b).

- Depending upon **physical facilities**, the Immigration Judge may place reasonable limitations upon the number in attendance at any one time with priority given to the press over the general public.  8 C.F.R. § 1003.27(a).

While not required, EOIR encourages members of the media to coordinate immigration court visits with the Office of Policy.  Visitors are not required to check in with court personnel before entering a courtroom to observe, although the presiding Immigration Judge may ask all visitors to identify themselves at the start of the hearing.  **The use of cameras or recording devices in courtrooms or other EOIR space is strictly prohibited**. *See* EOIR Policy Manual, Part I, Ch. 1.6, Part II, Ch. 3.12; EOIR PM 19-10, *EOIR Security Directive: Policy for Public Use of*

*Electronic Devices in EOIR Space* (Mar. 20, 2019).  This prohibition includes hallways, conference rooms, pro bono rooms, and areas that are part of EOIR's daily operations.  *Id*.

Should the media or others wish to engage with the agency beyond simple observation, including docket information, please let them know that EOIR's Office of Policy is the principal point of contact for the news media and can be reached at 703-305-0289 or by email at pao.eoir@usdoj.gov.  *See* EOIR Policy Manual, Part I, Ch. 1.5(b); U.S. Dep't of Justice, Justice Manual § 1-7.200 (2018).  If a member of the media calls the court directly, provide the Office of Policy's contact information.  *Id*.  EOIR staff should not speak to the media aside from directing them as any other member of the public.  *Id*. at §§ 1-7.100, 1-7.210.  In addition, EOIR staff should avoid speaking about agency matters to any party outside of proceedings.  *Id*.

Daren K. Margolin
Director, EOIR



This communication, along with any attachments, is covered by Federal and State law governing electronic communications and may contain sensitive or legally privileged information.  If the reader is not the intended recipient, you are hereby notified that any dissemination, distribution, use or copying of this message is strictly prohibited.  If you have received this in error, please notify the sender immediately and delete or destroy this message.