**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| THE ADVOCATES FOR HUMAN RIGHTS, *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 1:26-00865-RC |
| TODD BLANCHE, in his official capacity as Acting Attorney General, *et al.*, | ) ) ) | |
| Defendants. | ) ) ) | |

## REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR RELIEF FROM LOCAL CIVIL RULE 7(n)

The Court should grant Defendants' motion for relief from Local Civil Rule 7(n), to the extent it applies to Defendants' pending motion to dismiss. *See* Defs.' Mot. for Relief from Local Civil Rule 7(n), ECF No. 32. Defendants have not cited or relied on any administrative record in their pending motion to dismiss. *Id.* And preparing and filing a certified list of any administrative record's contents makes little sense where Defendants have argued that this case should be dismissed for failure to adequately plead discrete and final agency action or establish subject matter jurisdiction. *Id.* at 2–3; *see also* Defs.' MTD Mem. at 12–29. Any certification of the record should only follow a decision from this Court on the pending motion to dismiss, which would clarify the scope of any reviewable agency action for which the Court finds jurisdiction.

Plaintiffs' response in opposition fails to raise any basis to deny Defendants' commonsense request. *See* Opp'n, ECF No. 33. Nearly all of Plaintiffs' brief is, in reality, a supplemental opposition to Defendants' motion to dismiss. *See id.* Plaintiffs will presumably reiterate these arguments in their forthcoming opposition to the motion to dismiss and reply in support of a preliminary injunction. Defendants will reply on the currently ordered schedule and not otherwise

engage with Plaintiffs' improper ancillary briefing on the motion to dismiss.  The key point is that Plaintiffs' contention that Defendants' motion to dismiss should be denied raises no basis for filing a certified list of the contents of any administrative record at this time.  At most, it would warrant denial of the motion to dismiss in some respect, followed by litigation in the ordinary course.

Indeed, Plaintiffs' opposition focuses on two substantive issues from the motion to dismiss—Defendants' dismissal arguments concerning alleged denials of in-person access at the Baton Rouge Immigration Court and of remote access to hearings via Webex.  *See* Opp'n at 2–8. If the Court holds that the motion to dismiss should be denied in any respect as to these issues, the next step will of course be an answer and production of the administrative record regarding such issues.  But that process should not proceed until the motion to dismiss is resolved, a proposition that Plaintiffs' opposition does little to rebut.  Indeed, the one authority that Plaintiffs cite regarding the "routine" nature of the administrative record's production had nothing to do with whether an administrative record should be produced in the context of a motion to dismiss that does not rely on the record.  *See CREW v. FEC*, No. 22-cv-35 (CRC), 2025 WL 833075, at *2, 7 (D.D.C. Mar. 17, 2025).  Instead, *CREW v. FEC* involved an unusual "procedural thicket" of no apparent relevance to this case.  *Id.*

Defendants respectfully request that the Court waive the requirements, if any, of Local Civil Rule 7(n) as applied to Defendants' motion to dismiss.

Dated:  July 9, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Director

*/s/ James R. Powers*
JAMES R. POWERS (TX Bar No. 24092989)

Chief Litigation Counsel
U.S. Department of Justice,
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Telephone: (202) 353-0543
Fax: (202) 616-8460
Email: james.r.powers@usdoj.gov

*Counsel for Defendants*